**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ABLE HOME HEALTH, LLC, )<br>on behalf of itself and a class, )<br>)<br>Plaintiff, )<br>) 12 C 3019<br>v. )<br>)<br>HEALTHY ADVICE ) Magistrate Judge Finnegan<br>COMMUNICATIONS, INC., )<br>)<br>)<br>Defendant. ) | |

**ORDER GRANTING MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT**

The Motion of Plaintiff Able Home Health, LLC ("Plaintiff") for Preliminary Approval of Class Action Settlement and Notice to the Class with Defendant Healthy Advice Communications, Inc. ("Healthy Advice" or "Defendant") came on for hearing on October 4, 2012.

Having considered Plaintiff's moving papers, the signed Settlement Agreement (the "Settlement Agreement") attached as Appendix A to Plaintiff's Motion for Preliminary Approval, and all other evidence submitted concerning Plaintiff's motion, and being duly advised in the premises, the Court hereby finds that:

(a) The settlement proposed in the Settlement Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class (as defined below).

(b) The Class Notice (as described in the Settlement Agreement) fully complies with Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable

1

under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Litigation.

(c) With respect to the Settlement Class, this Court finds that, for settlement purposes only, certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). This Court finds that members of the Settlement Class will receive notice of the settlement through the notice program described below.

(d) This Court finds that the Class Notice described below constitutes the best notice practicable under the circumstances and fully complies with Federal Rule of Civil Procedure 23(c)(2)(B).

**IT IS THEREFORE ORDERED THAT:**

1. The settlement proposed in the Settlement Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

2. The following class (the "Settlement Class") is preliminarily certified solely for the purpose of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons and entities with facsimile numbers who on or after April 24, 2007, through and including May 14, 2012, were sent faxes by or on behalf of Healthy Advice Communications, Inc. promoting its goods or services for sale and who were not provided with an "opt out" notice as described in 47 U.S.C. § 227.

3. The Court preliminarily appoints Plaintiff Able Home Health, LLC as Class Representative of the Settlement Class and finds that it meets the requirements of Fed. R. Civ. P. 23.

4. The Court preliminarily appoints the following lawyers as Settlement Class Counsel and finds that they meet the requirements of Fed. R. Civ. P. 23: Daniel A. Edelman and Heather A.

Kolbus of Edelman, Combs, Latturner and Goodwin, LLC, 120 S. LaSalle Street, 18th Floor, Chicago, Illinois 60603.

5. If (i) the Settlement Agreement is terminated pursuant to its terms; (ii) Defendant withdraws from the Settlement Agreement; (iii) the Settlement Agreement, the Preliminary Approval Order, and the Final Approval Order do not for any reason become effective; or (iv) the Settlement Agreement, Preliminary Approval Order, and Final Approval Order are reversed, vacated, or modified in any material respect, then (a) all orders entered pursuant to the Settlement Agreement shall be deemed vacated, including without limitation the certification of the Settlement Class and all other relevant portions of this Order, (b) this case shall proceed as though the Settlement Class had never been certified, and (c) no reference to the prior Settlement Class, or any documents related thereto, shall be made for any purpose. If the settlement does not become final in accordance with the terms of the Settlement Agreement, then the Final Approval Order shall be void and shall be deemed vacated. Defendant retains the right to oppose class certification if the settlement is vacated, and the doctrines of res judicata, collateral estoppel or law of the case shall not be applied.

6. The parties shall retain a third party class administrator ("Class Administrator") to give notice of the settlement, its terms, the right to opt out, appear and the right to object to the settlement as set forth in the Settlement Agreement. The Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and adopted.

7. The form of notice that the Class Administrator will provide is attached as <u>Exhibit 1</u> to the Settlement Agreement. By November 8, 2012 or within 35 days of entry of this Order, whichever is later, the Class Administrator will send the Notice substantially in the form of <u>Exhibit 1</u> and a Claim Form substantially in the form of <u>Exhibit 2</u> by facsimile to each Class Member

identified on the Fax List. Settlement Class Counsel will also publish <u>Exhibit 1</u> and the Settlement Agreement, without exhibits, on www.edcombs.com. This combined notice program fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the proposed settlement of this lawsuit. Within 21 days of the date that Notice is sent by facsimile, the Class Administrator shall provide a second round of notice in the form of <u>Exhibit 1</u> to the Settlement Agreement either by facsimile and/or by U.S. Mail, if practicable. If addresses are ascertainable and a Class Member did not receive the first round of notice by fax, the Class Administrator shall send the second round of notice to that Class Member by U.S. Mail. The Court finds that no other notice is necessary. The Class Administrator and/or Settlement Class Counsel shall provide the Notice and/or the Claim Form to Class Members who call to request it.

8. To effectuate the settlement, the Court establishes the following deadlines for the events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines in the Notice and Claim Form:

(a) Claim Forms shall be returned by Class Members to the Class Administrator by fax, email, or mail postmarked on or before January 7, 2013 or 60 days after the first round of notice is sent, whichever is later. Claims not submitted by this date shall be barred.

(b) Objections of Class Members or any appearance of an attorney on behalf of a Class Member shall be filed in this Court and served by fax or mail postmarked to the Class Administrator, Settlement Class Counsel and Defendant's Counsel on or before January 7, 2013 or 60 days after the first round of notice is sent, whichever is later, or shall be forever barred. Each objection must contain the following information: (a) the objector's name (or business name, if the objector is an entity), address and telephone number; (b) the

telephone number for the facsimile machine on which the Settlement Class Member was sent the fax; (c) a statement of the objection to the Settlement Agreement; (d) an explanation of the legal and factual basis for the objection; and (e) documentation, if any, to support the objection.

(c)     All memoranda filed by any Class Member in connection with objections must be filed in this Court and served on the Class Administrator, Plaintiff's Counsel and counsel for Defendant by fax or mail postmarked on or before January 7, 2013 or 60 days after the first round of notice is sent, whichever is later, or shall be forever barred.

(d)     Requests by any Class Member to opt out of the settlement must be faxed or mailed to the Class Administrator and Settlement Class Counsel on or before January 7, 2013 or 60 days after the first round of notice is sent, whichever is later, or shall be forever barred.  A notice of intention to opt out must contain the following information:  (a) the Class Member's name, address, and telephone number; (b) the telephone number for the facsimile machine on which the Class Member was sent the fax; (c) the Class Member's signature or that of the Class Member's representative (such as a business's officer or manager); and (d) a statement to the effect that the Class Member does not want to participate in the settlement and waives all rights to any benefits of the settlement.

9.     The Class Administrator shall file an affidavit regarding notice by December 19, 2012.

10.     Defendant shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), no later than November 5, 2012.

11.     Plaintiff's Counsel shall file with the Court a list of the individual members of the Settlement Class seeking exclusion by January 31, 2013.

12. The final hearing to determine whether the settlement is fair, reasonable, and adequate, and whether it should be approved by the Court, will be conducted on February 7, 2013 at 9:30 a.m.

13. All papers in support of or in opposition to the Settlement Agreement shall be filed no later than January 31, 2013. Any responses to objections shall be filed with the Court on or before January 31, 2013. There shall be no replies from objectors.

14. In the event that the settlement does not become final and the Effective Date does not occur in accordance with the terms of the Settlement Agreement, then this Order shall be void and shall be deemed vacated.

15. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Settlement Class.

16. Class-settlement.com, P.O. Box 9009, Hicksville, NY 11802-9009, will be the Class Administrator.

17. Defendant's Counsel to provide the Fax List, including addresses, if ascertainable, to the Class Administrator or Plaintiff's Counsel by October 15, 2012.

Dated: October 4, 2012

Magistrate Judge Sheila Finnegan